1 | QIANWU YANG  (Cal. Bar No. 336610)
yang@shm.law
2 | YI YI (Cal. Bar No. 353482)
yi.yi@shm.law
3 | **SHM LAW FIRM**
3000 El Camino Real
4 | Building 4, Suite 200
Palo Alto, CA 94306
5 | Telephone: (650) 613-9737

6 | *Attorneys for Plaintiff*
Taizhou Luqiao Shengqiang Housewares Factory.

7

8 | UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

9

10 | Taizhou Luqiao Shengqiang
Housewares Factory,

11

12 | Plaintiff,

13 | v.

14 | Dbest Products Inc.,

Defendant.

15

| **COMPLAINT FOR DECLARATORY JUDGMENT** |
| DEMAND FOR JURY TRIAL |

16 |     Plaintiff Taizhou Luqiao Shengqiang Housewares Factory, hereby files this

17 | Complaint against Defendant Dbest Products Inc., and alleges as follows:

18 | **NATURE OF THE ACTION**

19 |     1.    This action arises under the Declaratory Judgment Act, 28 U.S.C. §

20 | 2201 *et seq.*, and the United States Patent Act, 35 U.S.C. § 1 *et seq.* Plaintiff seeks

1

declaratory judgments that U.S. Patent No. 12,103,576 ("the '576 Patent") is not infringed by Plaintiff's shoe boxes (the "Non-Infringing Shoe Boxes"). True and correct copies of the '576 Patent is attached hereto as Exhibit 1.

2.    Plaintiff brings this action in view of the actual controversy created by Defendant under the '576 Patent. Defendant has asserted a patent infringement claim against the Non-Infringing Shoe Boxes with Amazon, causing Amazon to remove Plaintiff's listings for the Non-Infringing Shoe Boxes on Amazon.com.

## PARTIES

3.    Plaintiff Taizhou Luqiao Shengqiang Housewares Factory is a Chinese genernal partnership, with a principal place of business at No.6 Factory Building, Shangzhang Village, Lunan Street, Luqiao District, Taizhou, China.

4.    Upon information and belief, Dbest Products Inc. is a corporation organized under California law with its principal place of business at 16506 South Avalon Boulevard, Carson, CA 90746, USA.

## JURISDICTION AND VENUE

5.    This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, the United States Patent Act, 35 U.S.C. § 1, *et seq.* This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a) because an actual case or controversy currently exists between the Parties regarding the subject matter of this action, and the Court would have

DECLARATORY JUDGMENT COMPLAINT

1    subject matter jurisdiction over this action if Defendant initiated suit for patent
2    infringement.

3        6.    The Court has personal jurisdiction over Dbest Products Inc. based on
4    information and belief that Dbest Products Inc. is domiciled in California and within
5    this judicial district.

6        7.    Venue is proper in this Court under 28 U.S.C. § 1391(b)(1), because
7    Dbest Products Inc. resides in this district as residency is defined in 28 U.S.C. §
8    1391(c)(2).

9                        **FACTUAL BACKGROUND**

10   **A.    The Non-Infringing Shoe Boxes.**

11       8.    Plaintiff Taizhou Luqiao Shengqiang Housewares Factory sells the
12   Non-Infringing Shoe Boxes on Amazon.com under the storefront "SeespringDirect."
13   The corresponding Amazon Standard Identification Numbers ("ASINs") of the Non-
14   Infringing Shoe Boxes sold by Plaintiff are B097PVKRYM, B09276QSJJ,
15   B0CQ1PQVRH, B0BBCH5H7Y, B0D26BC6C3, B08RJ13R3R,  B0BBCHVGSC,
16   B0DJNV4RV2, B0DJNTBTJX, B0CQ1YYQHM, B0BKSFL31H, B0BKSFY6WX,
17   B0B81VGLWP and B0B81SQL2Z.

18       9.    On or about December 5 and 6, 2024, Plaintiff received notifications
19   from Amazon. These notices informed Plaintiff that Amazon removed its listings of
20   ASINs above, because of the alleged infringement of the '576 Patent.

10. The Amazon marketplace constitutes Plaintiff's primary sales channel into the United States. To remain competitive in the United States market for shoe boxes, Plaintiff needs the Non-Infringing Shoe Boxes listed in the Amazon marketplace. Amazon has removed the Non-Infringing Shoe Boxes from the marketplace, preventing Plaintiff from accessing their largest channel of trade because of Defendant's alleged infringement complaint to Amazon. Thus, Defendant's submission of Amazon infringement complaint has caused immediate and substantial harm to Plaintiff.

**B.    U.S. Patent NO. 12,103,576.**

11. The '576 Patent lists Dbest Products Inc. as the applicant and assignee. *See* Exhibit 1, the '576 Patent, cover page.

12. The '576 Patent, titled "Stackable Collapsible Carts," describes its purported invention as an enhanced "collapsible cart designed to transition from a closed, folded condition to an open, expanded condition for use."

13. The application for the '576 Patent was filed on December 15, 2023. The '576 Patent was issued on October 1, 2024.

14. Claims 1, 11 and 15 are the only independent claims of the '576 Patent.

15. Claim 1 requires:

a first track formed along the first right panel and the second right

1            panel extending from a first position on the first right panel to a

2            second position on the second right panel; and

3            a first slideable member cooperatively engaged to the first track, the

4            first slideable member is movable along the first track between an

5            open position to a closed position to selectively lock the first right

6            panel to the second right panel, wherein the first slideable member is

7            in the open position when disposed along the first track adjacent the

8            first position of the first track while not disposed along the second

9            right panel and is in the closed position when disposed along the first

10           track adjacent the second position of the first track while being

11           disposed across both the first right panel and second right panel.

12   *See* Exhibit 1 at 11:52-67.

13       16.   Claim 11 requires:

14           the right sidewall comprising a first right panel rotatably coupled to a

15           second right panel, the right sidewall further comprising a third right

16           panel, wherein the second right panel and the third right panel

17           conform in shape to collectively cover the opening in the first right

18           panel and, the second right panel comprises a ribbed wall with a

19           plurality of ribs; and

20           a first lock assembly integrated with the first right panel and the

DECLARATORY JUDGMENT COMPLAINT

second right panel, the first lock assembly having a first condition for locking the first right panel to the second right panel, and a second condition for unlocking the first right panel from the second right panel.

*See* Exhibit 1 at 12:63-13:9.

17.    Claim 15 requires:

the rigid top cover has an indentation pattern being at least substantially aligned with the vertical axis of the wheel assembly, the indentation pattern configured to receive a wheel assembly from another identical collapsible cart when stacked vertically.

*See* Exhibit 1 at 14:12-16.

## <u>COUNT I</u>

### <u>Declaratory Judgment of Non-Infringement - the '576 Patent</u>

18.    Plaintiff repeats and realleges each of the preceding paragraphs as if they are restated here and incorporate them by reference.

19.    The manufacture, use, offer for sale, sale, and/or import of Plaintiff's shoe boxes, including without limitation the Non-Infringing Shoe Boxes, have not infringed and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '576 Patent.

20.    The Non-Infringing Shoe Boxes do not meet all limitations of claim 1,

DECLARATORY JUDGMENT COMPLAINT

at least because they lack the "a first track formed along the first right panel and the second right panel extending from a first position on the first right panel to a second position on the second right panel" limitation.

21.     The Non-Infringing Shoe Boxes do not meet all limitations of claim 11, at least because they lack the "the right sidewall comprising a third right panel" limitation.

22.     The Non-Infringing Shoe Boxes do not meet all limitations of claim 15, at least because they lack the limitation that "the rigid top cover has an indentation pattern being at least substantially aligned with the vertical axis of the wheel assembly."

23.     An actual and justiciable case or controversy therefore exists between Plaintiff and Defendant regarding whether the Non-Infringing Shoe Boxes have infringed the claims of the '576 Patent. Declaratory relief is thus appropriate and necessary to establish that the making, using, importation, sale, or offer of sale of the Non-Infringing Shoe Boxes do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '576 Patent. Plaintiff is entitled to a judgment declaring that they have not infringed and will not infringe any claim of the '576 Patent.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff prays for the following relief:

DECLARATORY JUDGMENT COMPLAINT

A.   A judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of the Non-Infringing Shoe Boxes have not infringed and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '576 Patent; and

B.   Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims and issues so triable.

DATED:  December 17, 2024

**SHM LAW FIRM**

By:      */s/ Qianwu Yang*
         QIANWU YANG  (Cal. Bar No. 336610)
         yang@shm.law
         YI YI (Cal. Bar No. 353482)
         yi.yi@shm.law
         **SHM LAW FIRM**
         3000 El Camino Real
         Building 4, Suite 200
         Palo Alto, CA 94306
         Telephone: (650) 613-9737

         *Attorneys for Plaintiff*
         Taizhou Luqiao Shengqiang Housewares Factory.

DECLARATORY JUDGMENT COMPLAINT