1  QIANWU YANG (Cal. Bar No. 336610)
   yang@shm.law
2  YI YI (Cal. Bar No. 353482)
   yi.yi@shm.law
3  **SHM LAW FIRM**
   3000 El Camino Real
4  Building 4, Suite 200
   Palo Alto, CA 94306
5  Telephone: (650) 613-9737

6  *Attorneys for Plaintiff*
   Taizhou Luqiao Shengqiang Housewares Factory.

7

8
                    UNITED STATES DISTRICT COURT
9
        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10 | Taizhou Luqiao Shengqiang          | **CASE NO. 2:24−cv−10842−MWC−JC**
   | Housewares Factory,                |
11 |                                    | **SEESPRING'S SECOND AMENDED**
   |         Plaintiff,                 | **COMPLAINT**
12 |                                    |
   |         v.                         | DEMAND FOR JURY TRIAL
13 |                                    |
   | Dbest Products, Inc.,              |
14 |                                    |
   |         Defendant.                 |
15

16     Plaintiff Taizhou Luqiao Shengqiang Housewares Factory ("Seespring" or

17 "Plaintiff") files this Second Amended Complaint against Defendant dbest products,

18 Inc. ("Defendant"), and alleges as follows:

19                         **NATURE OF THE ACTION**

20     1.     Plaintiff brings this action for tortious interference and unfair

---

SEESPRING'S SECOND AMENDED
COMPLAINT                                     - 1 -

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

1 competition arising from Defendant's wrongful assertion of the U.S. Patent No.
2 12,103,576 (the "'576 Patent") against Plaintiff's products Non-Infringing Shoe
3 Boxes ("Non-Infringing Shoe Boxes"). Defendant's baseless infringement
4 complaint caused Amazon to remove Plaintiff's listings for the Non-Infringing Shoe
5 Boxes on Amazon.com, and disrupted Plaintiff's lawful business. Plaintiff seeks to
6 be made whole for the harm it has suffered.

## THE PARTIES

8     2.    Plaintiff Taizhou Luqiao Shengqiang Housewares Factory is a Chinese
9 genernal partnership having its principal place of business at No.6 Factory Building,
10 Shangzhang Village, Lunan Street, Luqiao District, Taizhou, China.

11     3.    Upon information and belief, dbest products, Inc. is a corporation
12 organized under the laws of the State of California, with its principal place of
13 business at 16506 S Avalon Blvd, Carson, California 90746.

## JURISDICTION AND VENUE

15     4.    This Court has original subject matter jurisdiction over this action
16 pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or
17 value of $75,000, exclusive of interest and costs, and because this matter is between
18 Plaintiff, a citizen or subject of a foreign state, and Defendant, a citizen of the State
19 of California.

20     5.    This Court has personal jurisdiction over dbest products, Inc. because

dbest products, Inc. is a corporation organized and existing under the laws of California, with its principal place of business alleged to be at 16506 S Avalon Blvd, Carson, California 90746, which is within this judicial district.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because dbest products, Inc. resides in this District, as defined by 28 U.S.C. § 1391(c)(2).

## FACTUAL BACKGROUND

**A.   The Non-Infringing Shoe Boxes**

7. Plaintiff conducts business through a storefront on Amazon.com under the name "SeespringDirect," offering a variety of Non-Infringing Shoe Boxes for sale. These products are identified by Amazon Standard Identification Numbers (ASINs), including but not limited to B097PVKRYM, B09276QSJJ, B0CQ1PQVRH, B0BBCH5H7Y, B0D26BC6C3, B08RJ13R3R, B0BBCHVGSC, B0DJNV4RV2, B0DJNTBTJX, B0CQ1YYQHM, B0BKSFL31H, B0BKSFY6WX, B0B81VGLWP and B0B81SQL2Z.

**FIG.1 Plaintiff's Non-Infringing Shoe Box**

8. On or about December 5 and 6, 2024, Plaintiff received notifications from Amazon stating that the listings for the aforementioned ASINs were removed due to alleged infringement of the '576 Patent.

9. On or about December 12, 2024, Plaintiff, through counsel, contacted Defendant to request the withdrawal of its complaint to Amazon based on non-infringement.

10. On or about December 17, 2024, Plaintiff submitted an appeal based on, *inter alia*, non-infringement analysis to Amazon, requesting the reinstatement of Plaintiff's Non-Infringing Shoe Boxes. As a result of Plaintiff's submission, Amazon reinstated twelve (12) of the ASINs listed above on or about December 18, 2024, and the remaining two (2) ASINs, B0BKSFL31H and B0DJNTBTJX, on or about January 2, 2025.

11. On December 23 and 26, 2024, Plaintiff contacted Defendant again to request the withdrawal of Defendant's baseless complaint to prevent Defendant

from filing additional baseless complaints to delist Plaintiff's Non-Infringing Shoe Boxes.

12. Defendant claimed that it attempted to withdraw its complaint through Amazon's Brand Registry Portal on December 22, 2024, but was unsuccessful. Defendant further asserted that it contacted its Amazon account representative on January 2, 2025, to request manual reinstatement of the following ASINs: B08RJ13R3R, B097PVKRYM, B0D26BC6C3, B09276QSJJ, B0BBCHVGSC, and B0BBCH5H7Y. But Defendant's efforts came too late. All of these ASINs had already been reinstated by Amazon on December 18, 2024, following Plaintiff's own appeal and non-infringement submission.

13. Since Plaintiff filed this lawsuit, Defendant issued an unconditional covenant not to sue on January 23, 2025, agreeing not to assert any rights under the '576 Patent against Plaintiff or any other parties involved in the production, distribution, or sale of the Non-Infringing Shoe Boxes in the United States. *See* Exhibit. 3, Covenant Not to Sue. But Defendant's covenant comes too late. Its complaint to Amazon had already resulted in the delisting of Plaintiff's products, disrupted Plaintiff's business operations, damaged relationships with customers, and caused financial losses, including lost sales and increased operational costs. Moreover, Plaintiff's sales performance and visibility on Amazon remain affected, and the harm to its goodwill and competitive standing in the marketplace persists.

14. The Amazon marketplace constitutes Plaintiff's primary sales channel into the United States. To remain competitive in the United States market, Plaintiff needs the Non-Infringing Shoe Boxes listed in the Amazon marketplace. Amazon has removed the Non-Infringing Shoe Boxes from the marketplace, preventing Plaintiff from accessing their largest channel of trade because of Defendant's alleged infringement complaint to Amazon. Thus, Defendant's submission of Amazon infringement complaint has caused immediate and substantial harm to Plaintiff.

15. Upon information and belief, Defendant did not obtain samples of Plaintiff's Non-Infringing Shoe Boxes prior to filing its complaint with Amazon alleging Plaintiff's infringement.

**B.  The Patent-In-Suit**

16. The '576 Patent lists dbest products, Inc. as the applicant and assignee. *See* Exhibit. 1, '576 Patent, at 1.

17. The '576 Patent, titled "Stackable Collapsible Carts," describes its purported invention as "a collapsible cart designed to transition from a closed, folded condition to an open, expanded condition for use."

18. Claims 1, 11 and 15 are the only independent claims of the '576 Patent.

19. Claim 1 requires:

SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

|   |   |
|---|---|
| 1 | a first track formed along the first right panel and the second right |
| 2 | panel extending from a first position on the first right panel to a |
| 3 | second position on the second right panel; and |
| 4 | a first slideable member cooperatively engaged to the first track, the |
| 5 | first slideable member is movable along the first track between an |
| 6 | open position to a closed position to selectively lock the first right |
| 7 | panel to the second right panel, wherein the first slideable member is |
| 8 | in the open position when disposed along the first track adjacent the |
| 9 | first position of the first track while not disposed along the second |
| 10 | right panel and is in the closed position when disposed along the first |
| 11 | track adjacent the second position of the first track while being |
| 12 | disposed across both the first right panel and second right panel. |

13 *See* Exhibit. 1 at 11:52-67.

14     20.     Claim 11 requires:

15         the right sidewall comprising a first right panel rotatably coupled to a
16         second right panel, the right sidewall further comprising a third right
17         panel, wherein the second right panel and the third right panel
18         conform in shape to collectively cover the opening in the first right
19         panel and, the second right panel comprises a ribbed wall with a
20         plurality of ribs; and

a first lock assembly integrated with the first right panel and the second right panel, the first lock assembly having a first condition for locking the first right panel to the second right panel, and a second condition for unlocking the first right panel from the second right panel.

*See* Exhibit. 1 at 12:63-13:9.

21. Claim 15 requires:

the rigid top cover has an indentation pattern being at least substantially aligned with the vertical axis of the wheel assembly, the indentation pattern configured to receive a wheel assembly from another identical collapsible cart when stacked vertically.

*See* Exhibit. 1 at 14:12-16.

22. On March 28, 2023, U.S. Provisional Application No. 63/577,068 (the "Provisional Application"), from which the '576 Patent claims priority, was filed. The Provisional Application first added drawings regarding at least the "third right panel" but fails to provide sufficient disclosure to satisfy the requirements for written description and enablement under patent law. These drawings are substantially similar to certain HAIXIN products, which were first made publicly available on or before July 29, 2022. *See* Exhibit. 2, U.S. Provisional Application No. 63/577,068, at 10–16 and HAIXIN Closet Organizers and Storage (accessible at

https://www.amazon.com/dp/B0B4FZWRVR?psc=1, last visited Jan. 15, 2025).

| Photograph of the Provisional Application | Photograph of HAIXIN Closet Organizers and Storage |
|---|---|
|  |  |

23. On December 15, 2023, the '576 Patent (Application No. 18/542,495) was filed, including newly added matter regarding the "third right panel," which is not sufficiently disclosed in any prior parent applications or patents.

24. All of the drawings, except Figure 44, regarding at least the "third right panel" of the '576 Patent are substantially similar to those in HAIXIN's Chinese Patent No. CN214987334 ("the '334 Patent"), which was published on December 3, 2021. For example, Figure 42A of the '576 Patent is almost identical to

1 Figure 5 of the '334 Patent. *See* Exhibit. 1, Fig. 42A and the '334 patent ( available

2 at https://patents.google.com/patent/CN214987334U/en?oq=CN214987334, last

3 visited Jan. 13, 2025).

| Figure 42A of the '576 Patent | Figure 5 of the '334 Patent |
|---|---|

15    25.    As can be seen in the above images, the drawings regarding the "third

16 right panel" of the '576 Patent are copied from those of HAIXIN's '334 Patent. This

17 degree of detailed copying confirms that Defendant intentionally and willfully

18 reproduced these drawings.

19    26.    The '576 Patent (Application No. 18/542,495) is designated as a

20 continuation of parent application No. 18/161,677, which was filed on January 30,

SEESPRING'S SECOND AMENDED
COMPLAINT                                             - 10 -

SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

2023.

27. However, the '576 Patent is a continuation-in-part, rather than a continuation, of the parent application No. 18/161,677, as misrepresented by Defendant before the United States Patent and Trademark Office ("USPTO"). Defendant knew, or should have known, that a continuation-in-part application adds new matter relative to its parent application and, therefore, is not entitled to priority of its parent.

28. The earliest effective filing date of the '576 Patent, at least for Claim 11, is December 15, 2023, rather than January 6, 2020, as misrepresented by Defendant before the USPTO.

## COUNT I

**State Law Unfair Competition – Cal. Bus. & Prof. Code § 17200**

29. Plaintiff repeats and realleges each of the preceding paragraphs as if they are restated here and incorporates them by reference.

30. Defendant's acts, as set forth above, constitute unlawful, unfair, and/or fraudulent business practices as defined under California Business and Professions Code § 17200, *et seq*.

31. Defendant has acted unlawfully and unfairly by submitting baseless complaints to Amazon that resulted in the wrongful removal of Plaintiff's Non-Infringing Shoe Boxes from Amazon.com.

32. By abusing Amazon's intellectual property enforcement procedures, Defendant caused significant disruption to Plaintiff's business operations, including the removal of the Non-Infringing Shoe Boxes that do not infringe any valid intellectual property rights.

33. As a direct and proximate result of Defendant's unfair competition, Plaintiff has been, and continues to be, materially harmed in an amount to be proven at trial.

## COUNT II

### Tortious Interference

34. Plaintiff repeats and realleges each of the preceding paragraphs as if they are restated here and incorporates them by reference.

35. Plaintiff entered into "Amazon Services Business Solutions Agremment" alongwith other agreements with Amazon and conducts business through a storefront on Amazon.com, and thus, Plaintiff enjoyed an economic relationship with Amazon and Plaintiff's existing customers, with probability of future economic benefit to Plaintiff had Plaintiff's Non-Infringing Shoe Boxes not been removed from Amazon marketplace. Defendant knowingly and intentionally interfered with Plaintiff's valid and existing business relationships and expectancy of sales of its products, including the Non-Infringing Shoe Boxes, via Amazon.com for an improper purpose and by improper means, causing Amazon to remove the

ASINs for the Non-Infringing Shoe Boxes.

36.     As a direct and proximate result of Defendant's tortious interference, Plaintiff has suffered damages, including significant losses in sales of the Non-Infringing Shoe Boxes and other products, resulting in lost revenue and profits directly attributable to those lost sales.

37.     Defendant's actions have significantly harmed Plaintiff's business operations by substantially reducing product rankings on Amazon, which directly impacts Defendant's product reviews, ratings, and Amazon ranking, which results in lower product visibility in consumer searches and diminishes market presence.

38.     The reduced rankings and visibility have caused substantial losses in sales and profits. Additionally, they have led to increased warehousing and inventory holding costs due to reduced product turnover.

39.     These damages extend beyond lost revenue, causing harm to Plaintiff's goodwill and brand reputation, which are essential for maintaining competitive standing in the market. The exact amount of these damages will be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A.     Entry of judgment finding Defendant liable for tortious interference

with Plaintiff's business relationship;

    B.    Entry of judgment finding Defendant liable for unfair competition under California Business and Professions Code § 17200, *et seq.*;

    C.    An award of compensatory damages sufficient to make Plaintiff whole for the harm caused by Defendant's conduct;

    D.    An award of punitive damages in an amount to be determined at trial;

    E.    An award of reasonable attorneys' fees, to the extent authorized by law;

    F.    An award of Plaintiff's costs in this action;

    G.    All such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims and issues so triable.

DATED:  May 10, 2025

**SHM LAW FIRM**

By:   */s/ Qianwu Yang*
QIANWU YANG (Cal. Bar No. 336610)
yang@shm.law
YI YI (Cal. Bar No. 353482)
yi.yi@shm.law
**SHM LAW FIRM**
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737

*Attorneys for Plaintiff*

1 | Taizhou Luqiao Shengqiang Housewares Factory.
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20